JUSTUS VAIRIN *et al.*, plaintiffs in error, *v.* FRANCIS H. ED-
MONSON, defendant in error.

*Error to Sangamon.*

Against the prosecution of a writ of error, it was pleaded that the plaintiffs, at
the time of suing out their writ, were bankrupts, and previous to that time
had been so declared, under and by virtue of the Act of Congress, approved
August 19, 1841, entitled "*An Act to establish a uniform system of Bank-
ruptcy,*" &c. and that all their property, &c. had become vested in the assignee
by the operation of law, by virtue of a decree of the United States' District
Court in and for the State of Louisiana, whereby they were declared bank-
rupts and said assignee was appointed, &c: *Held,* that the plea was bad, be-
cause there was no averment therein as to the time when they were declared
bankrupts, so that the Court could determine whether the cause of action,
upon which the writ was prosecuted, accrued before or after the decree of
bankruptcy: *Held,* further, that the averments as to the place where, and of
the Court which rendered the decree, were not sufficiently explicit: *Held,*
also, that it was not necessary to state in the plea, the name of the assignee.

THIS case was heard in this Court upon several pleas in
bar of the writ of error, and on demurrer to the same. The
material facts are stated in the Opinion of the Court sustain-
ing the demurrer.

*S. T. Logan,* for the plaintiffs in error, demurred to the
pleas in bar, and assigned the following as special causes of
demurrer, to wit:

To the *first* plea.

1.   The defendant does not state in his said plea when the
plaintiffs in error were declared bankrupts;

2.   The said plea does not state that said plaintiffs in error
were declared bankrupts at any time subsequent to the ren-
dition of the judgment in the Court below, or even to the
bringing of the suit in the Court below.

3.   The said plea does not allege that the rights of the
plaintiffs in error to prosecute this writ of error existed at
the time that plaintiffs were declared bankrupts, and vested

in the assignee in bankruptcy by showing any facts from which such vesting results;

4. It is not alleged that any assignee of the effects of the plaintiffs in error has ever been appointed, or who said assignee was, or whether he accepted the office;

5. It is not shown when, or where plaintiffs were declared bankrupts; and

6. The act of any Court declaring plaintiffs bankrupts is matter of record, yet the allegation is not verified by the record, nor is any profert of the record made.

To the third and fourth pleas, the same causes apply. Further, defendant does not verify his pleas of release by the record of the Court below, or make any profert thereof.

*J. C. Conkling*, for the defendant in error.

The first plea is, bankruptcy of plaintiffs in error before suing out the writ of error.

The party in interest at the time of suing out the writ of error, must become the plaintiff in error. 2 Saunders, 46, note (6); Graham's Pr. 938.

If plaintiff in error release his interest in the subject matter of the suit before bringing his writ of error, he cannot maintain his action. 2 Bac. Abr. *Error, L.*

He only can bring error who is to derive advantage from the reversal of the judgment. 2 Bac. Abr. *Error, B.*

The second, third and fourth pleas state, that Vairin & Co. have no interest in the suit in error, but it is brought in their name by the garnishees who have released errors by appearing in the Court below. R. L. 492, § 23.

Garnishees being the parties in interest before this Court, cannot assign error in the proceedings between plaintiff below and original debtor. *Wallace* v. *Blanchard*, 3 New Hamp. 398; 3 Scam. 21; 9 Mass. 503; 2 Bac. Abr. title *Error, B.* 460.

Proceedings against original debtor are entirely distinct from the proceedings against garnishees. 3 New Hamp. 398; 2 Bac. Abr. *Error, M.* (1).

Vairin *et al. v.* Edmonson.

The Opinion of the Court was delivered by

DENNING, J.   The record in this cause shows that Francis H. Edmonson, the plaintiff below, on the 17th day of March, 1842, sued out from the Sangamon Circuit Court, a writ of attachment against Justus Vairin and James T. Kelley, defendants, who were partners, trading and doing business under the name, style and firm of Justus Vairin & Co., New Orleans, and procured a summons to be issued in the same cause against Opdycke, Tinsley & Co. as garnishees of the said Vairin & Co.; that at the July term of the said Circuit Court, 1842, judgment was rendered by default against the said Vairin & Co., and in favor of the said Francis H. Edmonson, for the sum of two thousand, seven hundred, and ninety nine dollars, and thirty one cents; that at the same term, Opdycke, Tinsley & Co., as such garnishees, filed their answer to the interrogatories propounded to them by the plaintiff, admitting their indebtedness to Vairin & Co. in the sum of one thousand, one hundred, and forty seven dollars, and seventy four cents, for which judgment was rendered in favor of the said plaintiff.

The defendants below, on the 3d day of February, 1846, sued out from this Court a writ of error to remove the case to this Court for the purpose of correcting alleged error in the record.   The plaintiff below interposes four pleas, intended as pleas in bar of the writ of error, to which pleas there was a general demurrer with the assignment of special causes. The second, third, and fourth pleas are substantially the same, and allege that Opdycke, Tinsley & Co. are the real persons who prosecute this writ of error, and that, by appearing in the Court below as garnishees, and acknowledging their indebtedness to Vairin & Co., have thereby released all errors in the proceedings of this cause.   This position we think cannot be maintained.   Their answer is not the result of their own voluntary act.   They are required by the provisions of our statute to answer all such interrogatories as may be propounded to them by the plaintiff below touching their indebtedness to the defendants, or suffer judgment by default; and,

in so answering, they waive nothing. But in another point of view it will be observed, from the assignment of errors herein, that they are not complaining of errors committed to their prejudice. It is Vairin & Co. who prosecute this writ of error, and who allege that errors have arisen in the proceedings and rendition of judgment against them, which they wish to revise and correct in this Court. We are, therefore, of opinion that the second, third, and fourth pleas are no bar to the writ of error.

The first plea, after giving the title of the case, is as follows, viz: "And said defendant in error comes and defends, &c., and says, that said plaintiffs in error ought not to have or maintain their writ against him, because he says, that, at the time of bringing their writ of error, said Justus Vairin, and James T. Kelley, who compose said firm of Justus Vairin & Co., the plaintiffs in error were bankrupts, and previous to that time, to wit: February 3d, 1846, when writ of error was brought, had been declared bankrupts, under and by virtue of the law of Congress, approved August 19th, 1841, entitled "*An Act to establish a uniform system of bankruptcy in the United States;*" and that, at the said last mentioned date, all the property and rights of property, and pecuniary interests whatsoever, and causes of action of said plaintiffs in error, had become vested in the assignee of said bankrupt by operation of said law, and by virtue of the decree of the United States District Court in and for the State of Louisiana, whereby said plaintiffs in error were declared bankrupts, and said assignee was appointed. And this the said defendant in error is ready to verify: Wherefore he prays that said plaintiffs in error may be barred of their writ of error."

We are of opinion, that this plea is a good plea in bar of the writ of error, if properly pleaded, though defective in form. It will be observed on an examination, that it no where states *when* the plaintiffs in error where declared bankrupts. The plea alleges that the writ of error was sued out from this Court on the 3d day of February, 1846, and that, previous to that time, the plaintiffs in error were declared bankrupts, but

how long previous, we are left entirely ignorant. From any thing that appears in this plea, the cause of action upon which this writ of error is prosecuted, may have arisen subsequent to the time when the plaintiffs in error were declared bankrupts, and if so, they certainly would have the right to prosecute this writ of error; and hence it should be shown, that the debt or cause of action herein subsisted at the time of the said plaintiffs' bankruptcy, for then it would have passed to the assignee, and the plaintiffs in error would have had no further interest or control in the matter. Again, we think the averment in the plea, of the place when, and of the Court by whom the plaintiffs are alleged to have been declared bankrupts, are not sufficiently explicit. The plea should have been verified by the record, as the question which it attempts to raise must be determined alone by the record.

It is alleged as a ground of demurrer to this plea, that it does not set forth the name of the assignee of the plaintiffs in error. We do not think it necessary that it should. By a reference to the third section of the law of Congress in relation to bankruptcy, approved August 19th, 1841, it will be found, that whenever a person is declared a bankrupt within the law, all property, rights of property, &c., are divested from him by the mere operation of said law, without any other assignment or conveyance whatever; and when once so divested, we apprehend that the bankrupt can exercise no further control in the settlement or disposition of his estate in any manner whatever. The plea is bad, though the Court, on proper application, might grant leave to amend it. The demurrer is sustained to all the pleas.

*Demurrer sustained.*